# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                    Respondent,<br><br>    v.<br><br>MARGARET ANN WILSON,<br><br>                    Appellant. | No.  51605-5-II<br><br><br><br>UNPUBLISHED OPINION |

WORSWICK, J. — Margaret Wilson appeals the trial court's imposition of legal financial

obligations (LFOs), interest accrual, and payment conditions for the LFOs arising from her

felony convictions.  Wilson argues that the LFOs, interest on nonrestitution LFOs, and

conditions of payment are not authorized after the enactment of Engrossed Second Substitute

House Bill (ESHB) 1783.  The State concedes that the trial court should strike the discretionary

LFOs, but does not address the other LFOs, interest, or conditions of payment.  We accept the

State's concession, and remand to the trial court to strike the criminal filing fee, jury demand fee,

and deoxyribonucleic acid (DNA) collection fee, and to address the interest accrual and the

payment conditions.

FACTS

Wilson was convicted of two counts of unlawful delivery of a controlled substance. As part of Wilson's sentence, the court imposed a $200 criminal filing fee, $250 jury demand fee, and a $100 DNA collection fee. The trial court also set the conditions that the financial obligations "shall bear interest from the date of the judgment until payment in full," and that Wilson begin making LFO payments immediately. Clerk's Papers at 87. The trial court also entered an order of indigency for Wilson. Wilson's criminal history includes a prior felony conviction. Wilson appeals the imposition of the criminal filing fee, the jury demand fee, and the DNA collection fee, the interest accrual on nonrestitution LFOs, and the payment terms.

ANALYSIS

Relying on *State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018), Wilson argues that the criminal filing fee, jury demand fee, DNA collection fee, interest accrual, and payment terms that the trial court imposed on Wilson are no longer authorized after the enactment of ESHB 1783. The State concedes that the trial court should strike the discretionary LFOs. We agree with Wilson, and remand to the trial court to strike the criminal filing fee, jury demand fee, and DNA collection fee, and to address the interest accrual on nonrestitution LFOs and the conditions of payment for the LFOs.

I. STANDARD OF REVIEW

ESHB 1783 modified Washington's system of LFOs and amended RCW 10.01.160(3) to prohibit trial courts from imposing criminal filing fees, jury demand fees, and discretionary LFOs on indigent defendants. LAWS OF 2018, ch. 269, §§ 6, 9, 17. The amendments to the LFO statutes apply prospectively to cases that are on appeal. *Ramirez*, 191 Wn.2d at 747.

A.      Discretionary LFOs

1. *Criminal Filing Fee and Jury Demand Fee*

Wilson argues that the trial court should strike the criminal filing fee and jury demand fee. The State concedes that the criminal filing fee and jury demand fee should be stricken. We accept the State's concession.

ESHB 1783 amended RCW 36.18.020(2)(h) and RCW 10.46.190 to prohibit trial courts from imposing the $200 criminal filing fee and $250 jury demand fee on indigent defendants. LAWS OF 2018, ch. 269, §§ 9, 17.

Here, the trial court signed an order of indigency for Wilson. Because Wilson is indigent, the criminal filing fee and jury demand fee are no longer authorized. RCW 36.18.020(2)(h); RCW 10.46.190. Thus, we remand to the trial court to strike the criminal filing fee and jury demand fee.

2. *DNA collection fee*

Wilson argues that the trial court should strike the DNA collection fee. The State concedes that the DNA fee should be stricken. We accept the State's concession.

Trial courts are prohibited from imposing non-mandatory LFOs on indigent defendants. RCW 10.01.160(3). ESHB 1783 amended RCW 43.43.7541 to make a DNA collection fee nonmandatory if "the state has previously collected the offender's DNA as a result of a prior conviction." LAWS OF 2018, ch. 269, § 18.

Here, it is uncontested that Wilson is indigent and that she has a prior felony conviction. Based on the State's concession that the DNA collection fee should be waived, we assume that Wilson's DNA was previously collected. Because the DNA was previously collected, the

collection fee is no longer authorized. Thus, we remand to the trial court to strike the DNA collection fee.

### 3. *Interest Payments*

Wilson argues that the trial court should strike the interest accrual on the criminal filing fee, jury demand fee, and DNA collection fee. We agree, and remand to the trial court to strike interest on all nonrestitution LFOs.

ESHB 1783 amended RCW 10.82.090 to prohibit interest accrual on nonrestitution LFOs. LAWS OF 2018, ch. 269, § 1. Thus, we remand to the trial court to strike any interest that accrued on nonrestitution LFOs.

### B. Payment Terms

Wilson also asks this court to strike the condition that payment of LFOs start immediately. Because we remand this case to the trial court to strike and reconsider Wilson's LFO's on remand, the trial court should also determine the terms of payment for the remaining LFOs.

## II. Conclusion

In conclusion, we remand to the trial court to strike the criminal filing fee, jury demand fee, and DNA collection fee consistent with *Ramirez*, 191 Wn.2d 747. We remand to the trial court to address the accrued interest on nonrestitution LFOs and the payment conditions for the LFOs.

No. 51605-5-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Maxa, C.J.

_____
Melnick, J.

5